JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Ellen Ragone

### DEFENDANTS

Weber Gallagher Simpson Stapleton Fires & Newby, LLP
Weber Gallagher Simpson Staple

**(b)** County of Residence of First Listed Plaintiff   Camden
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ~~At~~torneys *(Firm Name, Address, and Telephone Number)*
Caren N. Gurmankin, Esq., Console Mattiacci Law,
1525 Locust Street, 9th Fl., Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government  Plaintiff | ☒ 3  Federal Question  *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government  Defendant | ☐ 4  Diversity  *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place  of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place  of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a  Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure  of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury -  Medical Malpractice | Product Liability | ☐ 751 Family and Medical  Leave Act | ☐ 863 DIWC/DIWW (405(g))  ☐ 864 SSID Title XVI | Exchange  ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee -  Conditions of  Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original  Proceeding | ☐ 2 Removed from  State Court | ☐ 3 Remanded from  Appellate Court | ☐ 4 Reinstated or  Reopened | ☐ 5 Transferred from  Another District  *(specify)* | ☐ 6 Multidistrict  Litigation -  Transfer | ☐ 8 Multidistrict  Litigation -  Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e, et seq.; 42 U.S.C. §1981
Brief description of cause:
Plaintiff was discriminated against based on her age and retaliated against.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
07/02/2021

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Cherry Hill, NJ 08003 _____

Address of Defendant: _____ 2000 Market Street, Suite 1300, Philadelphia, PA 19103 _____

Place of Accident, Incident or Transaction: _____ 2000 Market Street, Suite 1300, Philadelphia, PA 19103 _____

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 07/02/2021 _____ *(signature)* _____ 205900
  *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

*A.  Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☑ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

*B.  Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Caren N. Gurmankin _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 07/02/2021 _____ *(signature)* _____ 205900
  *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

| | | |
|---|---|---|
| ELLEN RAGONE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| WEBER GALLAGHER SIMPSON | : | |
| STAPLETON FIRES & NEWBY, LLP, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                          (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                                      (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                                                (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                                                   (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.         ( X )

| | | |
|---|---|---|
| 07/02/2021 | *[signature]* | Plaintiff, Ellen Ragone |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-405-2900 | gurmankin@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

_____     :
                                    :
**ELLEN RAGONE**                    :
**Cherry Hill, 08003**              :
                                    :          **CIVIL ACTION NO.**
                         **Plaintiff,** :
                                    :
         **v.**                     :
                                    :
**WEBER GALLAGHER SIMPSON**         :
**STAPLETON FIRES & NEWBY, LLP**    :
**2000 Market Street, Suite 1300**  :
**Philadelphia, PA 19103**          :
                                    :
**and**                             :
                                    :
**WEBER GALLAGHER SIMPSON**         :
**STAPLE**                          :
**2000 Market Street, Suite 1300**  :
**Philadelphia, PA 19103**          :
                                    :          **JURY TRIAL DEMANDED**
                                    :
                    **Defendants.**  :
_____     :

## COMPLAINT

I.     **INTRODUCTION**

     Plaintiff, Ellen Ragone, brings this action against her former employers, Weber Gallagher Simpson Stapleton Fires & Newby LLP and Weber Gallagher Simpson Staple ("Defendants"). Despite an excellent performance history over eight (8) years of employment, Defendants terminated Plaintiff at age fifty eight (58) and shortly after she expressed her opposition to Defendants' race discriminatory conduct.

     Defendants engaged in retaliatory conduct towards Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42 U.S.C. §1981 ("Section 1981"), the Pennsylvania Human Relations Act, as amended,

43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, as

amended, Phila. Code § 9-1100, *et seq.* ("PFPO").  Defendants also engaged in age

discriminatory conduct towards Plaintiff in violation of the Age Discrimination in

Employment Act, 29 U.S.C. §621, *et seq.* ("ADEA"), the PHRA, and the PFPO.

**II.    PARTIES**

1.       Plaintiff, Ellen Ragone, is an individual and a citizen of the

state of New Jersey.

2.       Plaintiff was born in October 1961.  She was fifty eight (58) years old at

the time that Defendants terminated her employment.

3.       Defendant, Weber Gallagher Simpson Stapleton Fires & Newby, LLP is

incorporated in Pennsylvania with a business address at 1811 Chestnut Street,

Philadelphia, PA 19103 and a principal place of business at 2000 Market Street, Suite

1300, Philadelphia, PA 19103.

4.       Defendant, Weber Gallagher Simpson Staple, is incorporated in

Pennsylvania, and has a principal place of business at 2000 Market Street, Suite 1300,

Philadelphia, PA 19103.

5.       Defendants are engaged in an industry affecting interstate commerce and

regularly does business in the Commonwealth of Pennsylvania.

6.       At all times material hereto, Defendants employed more than fifteen (15)

employees.

7.       At all times material hereto, Defendants acted by and through their

authorized agents, servants, workmen, and/or employees acting within the course and

scope of their employment with Defendants and in furtherance of Defendants' business.

2

8.      At all times material hereto, Defendants acted as employers within the meaning of the statutes which form the basis of this matter.

9.      At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

10.     Plaintiff was paid by Defendant Weber Gallagher Simpson & Staple.

## III.   JURISDICTION AND VENUE

11.     The causes of action which form the basis of this matter arise under Title VII, the PHRA, and the PFPO.

12.     The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. § 2000e-5 and 28 U.S.C. § 1331.

13.     The District Court has jurisdiction over Count II (Section 1981) pursuant to 28 U.S.C. §1331.

14.     The District Court has jurisdiction over Count III (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

15.     The District Court has jurisdiction over all counts pursuant to 28 U.S.C. §1332 since the amount in controversy in the present action exceeds the sum or value of seventy five thousand dollars ($75,000), exclusive of interests and costs, and there exists complete diversity of citizenship, as Plaintiff is a citizen of the state of New Jersey and Defendants are not citizens of the state of New Jersey

16.     The District Court has supplemental jurisdiction over Count IV (PHRA) and Count V (PFPO) pursuant to 28 U.S.C. § 1367.

17.     Venue is proper in the District Court under 28 U.S.C. §1391(b) and 42 U.S.C. § 2000(e)-5(f).

18.     On or about April 17, 2020, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination and retaliation alleged herein.  This Complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC").  Attached hereto, incorporated herein, and marked as Exhibit "1" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

19.     On or about May 3, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue for her Complaint of Discrimination.  Attached hereto, incorporated herein, and marked as Exhibit "2" is a true and correct copy of the Notice of Right to Sue (with personal identifying information redacted).

20.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     FACTUAL ALLEGATIONS

21.     Plaintiff began working at Defendants on or about April 30, 2012.

22.     Throughout Plaintiff's employment, she held the position of Chief Marketing Officer.

23.     Since in or about January 2013, Plaintiff reported directly to Patrick Stapleton, Partner.  In or about January 2018, Plaintiff also started reporting directly to Andrew Indeck, Firm Chair, while continuing to report to Stapleton as well.

24.     At all times material hereto, Plaintiff consistently demonstrated excellent performance throughout her employment with Defendants.

25.     In or around early 2018, Plaintiff's direct report, Bisa Lindsay (Black), Marketing Coordinator, resigned from her employment at Defendants.

26.     Lindsey told Plaintiff that, during her exit interview, while she had praised Plaintiff's performance as her supervisor, she complained of Defendants' race discriminatory conduct, including the following:

(a)     Defendants did not support their minority employees;

(b)     Lindsey, as a Black woman, did not feel comfortable working at Defendants; and,

(c)     She did not feel that Defendants valued their employees of color.

27.     After Lindsey resigned, Plaintiff became aware that Defendants had received an anonymous letter accusing them of treating non-white employees in a less favorable manner than white employees.  The letter also asked whether they had taken any action in connection with the complaints that Lindsey had raised in her exit interview.

28.     After the resignation of Plaintiff's direct report and the anonymous letter accusing Defendants of racism, Defendants met with their employees and stated only that Defendants did not discriminate on the basis of race.

29.     To Plaintiff's knowledge and belief, Defendants did not take any other action in connection with the allegations that Defendants treated their Black and other non-white employees less favorably than their white employees.

30.     In or around September 2018, Defendants transferred Jennifer Williams (Black) into the position of Coordinator in the Marketing Department to report to Plaintiff.

31.     In or around June 2019, Defendants hired Chelsea Seidel (white) into the position of Assistant in the Marketing Department to report to Plaintiff.

32.     In or about July 2019, Plaintiff learned that Williams was being compensated substantially less than Seidel.

33.     Williams had been employed at Defendants for approximately two (2) years longer than Seidel.

34.     Williams was also at a higher level (Coordinator) than Seidel (Assistant).

35.     Plaintiff repeatedly raised the disparity in compensation between her Black and white direct reports to Defendants and told Defendants that they should rectify the same.

36.     Specifically, in or around July 2019 and September 2019, Plaintiff complained that her Black direct report (Williams) was being compensated less than her white direct report (Seidel), that the disparity was due to race, and that Defendants should correct the same immediately.

37.     Defendants responded to Plaintiff that they were aware of the situation and that they would not fix the disparity in the compensation.

38.     Defendants retaliated against Plaintiff in connection with her complaints of race discrimination in connection with her direct reports' compensation, including that which is set forth below.

39.     Defendants' managers ignored Plaintiff and excluded her from communications related to her job responsibilities.

40.     Defendants' managers unjustly criticized Plaintiff and blamed her for issues that were outside of her control and/or responsibility.

41.     Defendants undermined Plaintiff's authority including by preventing her from taking action that she felt appropriate regarding her direct reports.

42.     In or around January 2020, Plaintiff learned that Defendants had posted her position.

43.     When Plaintiff asked Indeck about the posting, he stated that Defendants had not made any decisions regarding her employment at that time.

44.     On or about March 27, 2020, Defendants informed Plaintiff that they were terminating her employment, effective April 17, 2020.

45.     Defendants told Plaintiff that they had already hired her replacement. They instructed her that she was to train her replacement until the effective date of her termination.

46.     Defendants failed to provide Plaintiff with an explanation as to why they terminated her employment.  They told Plaintiff that her termination was not "Covid-related".

47.     When Defendants provided Plaintiff with a "Transitional Employment Agreement" that offered her severance in exchange for a release of all of her claims, it falsely stated that Defendants and Plaintiff had "mutually agreed" to end her employment.

48.     On or about April 7, 2020, Defendants asked Plaintiff if she wanted to submit a letter of resignation.  Plaintiff responded that she would not submit a letter of resignation, as she did not resign and it was not her decision to separate her employment with Defendants.

49.     Defendants replaced Plaintiff with an individual who was approximately twenty five (25) years younger, and less qualified, than Plaintiff.

50.     At around the same time that Defendants terminated Plaintiff's

employment, they also terminated the employment of other older employees, all of whom were, to Plaintiff's information and belief, over the age of fifty (50).

51.    To Plaintiff's information and belief, she was the oldest employee reporting to Indeck and Stapleton.

52.    Plaintiff's age was a motivating and/or determinative factor in connection with Defendant's discriminatory treatment of Plaintiff, including terminating her employment.

53.    Plaintiff's complaints about Defendants' discriminatory conduct were motivating and/or determinative factors in connection with Defendant's retaliatory conduct to which Plaintiff was subjected, including terminating her employment.

54.    Defendants failed to prevent or address the discriminatory and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of discriminatory and retaliatory conduct.

55.    The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

56.    As a direct and proximate result of the discriminatory and retaliatory conduct of Defendants, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

## COUNT I – Title VII

57.     Plaintiff incorporates herein by reference paragraphs 1 through 56 above, as if set forth herein in their entirety.

58.     By committing the foregoing acts of retaliation against Plaintiff, Defendants have violated Title VII.

59.     Said violations were done with malice and/or reckless indifference.

60.     As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

61.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory acts unless and until this Court grants the relief requested herein.

62.     No previous application has been made for the relief requested herein.

## COUNT II – Section 1981

63.     Plaintiff incorporates herein by reference paragraphs 1 through 62 above, as if set forth herein in their entirety.

64.     By committing the foregoing acts of retaliation, Defendants have violated Section 1981.

65.     Said violations were done with malice and/or reckless indifference, and warrant the imposition of punitive damages.

66.     As a direct and proximate result of Defendants' violation of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

9

67.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' retaliatory acts unless and until this Court grants the relief requested herein.

68.     No previous application has been made for the relief requested herein.

## COUNT III - ADEA

69.     Plaintiff incorporates herein by reference paragraphs 1 through 68 above, as if set forth herein in their entirety.

70.     By committing the foregoing acts of discrimination against Plaintiff, Defendants have violated the ADEA.

71.     Said violations were willful and warrant the imposition of liquidated damages.

72.     As a direct and proximate result of Defendants' violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

73.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory acts unless and until this Court grants the relief requested herein.

74.     No previous application has been made for the relief requested herein.

## COUNT IV – PHRA

75.      Plaintiff incorporates herein by reference paragraphs 1 through 74 above, as if set forth herein in their entirety.

76.     Defendants, by the above improper and discriminatory and retaliatory acts, have violated the PHRA.

77. Said violations were intentional and willful.

78. As a direct and proximate result of Defendants' violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

79. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

80. No previous application has been made for the relief requested herein.

## **COUNT V – PFPO**

81. Plaintiff incorporates herein by reference paragraphs 1 through 80 above, as if set forth herein in their entirety.

82. Defendants, by the above improper and discriminatory and retaliatory acts, have violated the PFPO.

83. Said violations were intentional and willful.

84. As a direct and proximate result of Defendants' violation of the PFPO, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorney's fees and costs.

85. Plaintiff is now suffering and will continue to suffer irreparable injuries and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless and until the Court grants the relief requested herein.

86. No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' improper conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)      declaring the acts and practices complained of herein to be in violation of Title VII;

(b)      declaring the acts and practices complained of herein to be in violation of Section 1981;

(c)      declaring the acts and practices complained of herein to be in violation of the ADEA;

(d)      declaring the acts and practices complained of herein to be in violation of the PHRA;

(e)      declaring the acts and practices complained of herein to be in violation of the PFPO;

(f)      enjoining and permanently restraining the violations alleged herein;

(g)      entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

(h)      awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(i)      awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' improper conduct;

(j)     awarding punitive damages to Plaintiff under Title VII;

(k)     awarding punitive damages to Plaintiff under Section 1981;

(l)     awarding liquidated damages to Plaintiff under the ADEA;

(m)     awarding Plaintiff such other damages as are appropriate under Title VII, Section 1981, the PHRA, and the PFPO;

(n)     awarding Plaintiff the costs of suit, expert fees, and other disbursements, and reasonable attorneys' fees; and,

(o)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.


                                        CONSOLE MATTIACCI LAW, LLC


Dated:  July 2, 2021            BY:     _____
                                        Caren N. Gurmankin (205900)
                                        1525 Locust Street, 9th Floor
                                        Philadelphia, PA 19102
                                        (215) 545-7676

                                        Attorney for Plaintiff,
                                        Ellen Ragone

Exhibit "1"

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

Ellen S. Ragone,                          :
      Complainant                   :
                                 :
            v.                         : PHRC Case No. 201903904
                                 :
Weber Gallagher Simpson Stapleton Fires : EEOC No. 17F202160052
& Newby LLP,
      Respondent                    :
                                 :

## COMPLAINT

### JURISDICTION

1. Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S. §§ 951-963.

### PARTIES

2. The Complainant herein is:

   Ellen S. Ragone
   ██████████████
   Cherry Hill, NJ  08003

3. The Respondent herein is:

   Weber Gallagher Simpson Stapleton Fires & Newby LLP
   2000 Market Street, Suite 1300
   Philadelphia, PA 19103

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

### COMPLAINT

Received
APR 17 2020
PA Human Relations Commission
Philadelphia Regional Office

| | |
|---|---|
| COMPLAINANT: | : |
| ELLEN S. RAGONE | : |
| v. | : |
| RESPONDENT: | : |
| WEBER GALLAGHER SIMPSON STAPLETON FIRES & NEWBY LLP | : |

Docket No.

20190390 4

1. The Complainant herein is:

   Name:        Ellen S. Ragone

   Address:     ▇▇▇▇▇▇▇
                Cherry Hill, NJ 08003

2. The Respondent herein is:

   Name:        Weber Gallagher Simpson Stapleton Fires & Newby LLP

   Address:     2000 Market Street, Suite 1300
                Philadelphia, PA 19103

3. I, Ellen S. Ragone, the Complainant herein, allege that I was subjected to unlawful discrimination because of my age (58), and unlawful retaliation because of my complaints of race discrimination, as set forth below.

### Discrimination and Retaliation

A. I specifically allege:

[1]         I was hired by Respondent on or about April 30, 2012.

[2]        My birth date is [redacted] 1961, and I am age fifty-eight (58).

[3]        I consistently performed my job duties in a highly competent manner, and received positive feedback.

[4]        I held the position of Chief Marketing Officer.

[5]        I reported to Patrick Stapleton (62[1], white), Partner, and Andrew Indeck (56, white), Firm Chair. Respondent's Board of Directors is comprised of Indeck, Stapleton, Eugene Feeney (57, white), Partner, Peter Harrison (60, white), Partner, and James Wescoe (54, white), Partner and Chair, Commercial Transportation Group.

[6]        In or about January 2013, I began reporting to Stapleton.

[7]        In or about January 2018, I began reporting to Indeck.

[8]        I was the oldest employee directly reporting to Stapleton.

[9]        I was the oldest employee directly reporting to Indeck.

[10]        In or about early 2018, my then direct report, Bisa Lindsey (black), Marketing Coordinator, resigned from Respondent. Lindsey told me that, during her exit interview, she complained of race discrimination at Respondent. She told me of her complaints that Respondent did not support its minority employees and that, as a black woman, she did not feel comfortable working at Respondent. In her written exit interview, she stated that, at Respondent, there was "a large clique atmosphere," that it was "noticeable who is in the club and who isn't," and that she did not feel that "people of color and diversity are valued at this firm."

[11]        Respondent failed to investigate the race discrimination complaints.

[12]        Respondent failed to remedy or prevent the race discrimination at Respondent.

---

[1] All ages herein are approximations.

[13]    Following Lindsey's resignation, an anonymous letter was sent to Respondent's Board of Directors, which accused Respondent of being racist and asked whether Respondent took any action in response to what Lindsey said during her exit interview.

[14]    In response to the letter, Respondent held a meeting for employees, led by Indeck and Carolyn Mirabile (53, white), Partner, Chair, Family Law Practice Group, and Diversity Co-chair, and stated that Respondent does not discriminate.

[15]    Respondent failed to investigate the race discrimination complaints.

[16]    Respondent failed to remedy or prevent the race discrimination at Respondent.

[17]    In or about September 2018, Jennifer Williams (f25, black), Coordinator, was transferred from reporting to Geralyn Brown (52, white), Chief Operating Officer, to reporting to me.

[18]    In or about June 2019, Respondent hired Chelsea Seidel (22, white), Assistant, to report to me.

[19]    In or about July 2019, Stapleton and I learned that Williams (black), was being compensated approximately $10,000 less than Seidel (white). I stated that the compensation disparity between Williams (black) and Seidel (white) must be fixed, and Stapleton instructed me to speak with Brown.

[20]    In or about July 2019, in a meeting with Brown, I stated that Williams (black) was being compensated approximately $10,000 less than Seidel (white). I stated that the issue should be rectified immediately, and that Respondent could be sued for this. Brown told me that she would speak with Andrea LeRoy (57, white), Director of Personnel, and would get back to me.

[21]    Brown did not get back to me regarding the disparity between William's compensation and Seidel's compensation.

[22]    In or about September 2019, in a meeting with Indeck, I stated that Williams (black) was being compensated approximately $10,000 less than Seidel (white), and complained that I believed it was because of race. I stated that the pay difference did not otherwise make sense, and that Respondent could be sued for this. Indeck stated that he was aware of the situation and that the compensation would remain the way it was.

[23]    Respondent failed to investigate my race discrimination complaint.

[24]    Respondent failed to remedy or prevent the race discrimination at Respondent.

[25]    Following my race discrimination complaint, I was ignored, undermined, and excluded from communications related to my job duties.

[26]    I was unjustly criticized and blamed for issues outside of my control, including other employees' mistakes.

[27]    In or about January 2020, I learned that Respondent had posted my position and were seeking to replace me.

[28]    On March 27, 2020, in a phone call with Brown, Joseph Goldberg (69, white), Partner, and Tracy Walsh (53, white), Respondent terminated my employment, effective April 17, 2020. I was told that my termination had been in the works for several weeks, and that my replacement had been hired. I was instructed to train my replacement before my effective termination date. The Transitional Employment Agreement that I was given falsely stated that Respondent and I "mutually agreed" that my employment with Respondent would terminate on April 17, 2020. I never agreed to end my employment with Respondent.

[29]    Respondent failed to provide any explanation as to why I was terminated.

[30]    Respondent terminated my employment because of my age and/or my race discrimination complaints.

[31]    On April 7, 2020, in an email from Goldberg, copying Indeck, Brown, and Wescoe, he stated that my replacement would start on April 13, 2020 and asked me if I wanted to submit a letter of resignation.

[32]    On April 9, 2020, in an email to Goldberg, I responded that I would not be resigning since it was not my decision to leave Respondent.

[33]    Respondent replaced me with Valerie Lyons (32, white), who began her employment with Respondent on April 13, 2020. I was more qualified to perform my job duties than the substantially younger, noncomplaining employee with whom Respondent replaced me.

[34]    In addition to me, Respondent terminated the following older employees effective April 17, 2020: Kathleen Mullin (60), Legal Assistant; Cathryn King (58), Legal Assistant; and Stephanie Gaffey (52), Legal Assistant.

[35]    Respondent retained all employees, other than me, directly reporting to Stapleton and Indeck all of whom were younger and/or noncomplaining.[2]

[36]    Respondent retained all of my direct reports—all of whom were under age thirty (30) and/or noncomplaining.

[37]    Respondent retained younger and/or noncomplaining employees in positions for which I was more qualified.

[38]    Before I complained of race discrimination, I had no indication that my job was in jeopardy.

---

[2] Any reference to an employee being noncomplaining—i.e., not having engaged in protected activity—is to the best of my knowledge.

[39]     I was never issued any progressive discipline before being terminated.

[40]     Respondent did not offer me a downgraded position or a position with reduced pay or any opportunity to remain employed.

[41]     Employees at Respondent made comments about and questioned whether older employees at Respondent were going to retire.

[42]     Respondent's conduct and comments evidence a bias against older and/or complaining employees.

[43]     Respondent's age discrimination and retaliation against me has caused me emotional distress.

B.  Based on the aforementioned, I allege that Respondent has discriminated against me because of my age (58), and retaliated against me because of my race discrimination complaints in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 623 *et seq.* ("ADEA"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.     The allegations in Paragraph 3 hereof constitute unlawful discriminatory practices in violation of:

___X___     **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s):** ___(a); (d)___

_____     Section 5.1 Subsection(s) _____

_____     Section 5.2 Subsection(s) _____

_____  Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961,

P.L. 766, as amended) Section 4 Subsection(s) _____

5.      Other action based upon the aforesaid allegations has been instituted by the

Complainant in any court or before any other commission within the Commonwealth of

Pennsylvania as follows:

__X__   This charge will be referred to the EEOC for the purpose of dual

filing.

6.      The Complainant seeks that Respondent be required to:

(a) Make the Complainant whole.

(b) Eliminate all unlawful discriminatory practice(s) and procedure(s).

(c) Remedy the discriminatory effect of past practice(s) and procedure(s).

(d) Take further affirmative action necessary and appropriate to remedy the violation

complained of herein.

(e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

4/17/20
(Date Signed)

_Ellen S Ragone_
(Signature)    Ellen S. Ragone

Cherry Hill, NJ 08003

Exhibit "2"

EEOC Form 161-B (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | | | |
|---|---|---|---|
| To: | **Ellen S. Ragone** <br> ▬▬▬▬▬▬ <br> **Cherry Hill, NJ 08003** | From: | **Philadelphia District Office** <br> **801 Market Street** <br> **Suite 1000** <br> **Philadelphia, PA 19107** |

| ☐ | *On behalf of person(s) aggrieved whose identity is* <br> *CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **17F-2021-60052** | **Damon A. Johnson,** <br> **State & Local Program Manager** | **(267) 589-9722** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

| ☒ | More than 180 days have passed since the filing of this charge. |
|---|---|
| ☐ | Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge. |
| ☒ | The EEOC is terminating its processing of this charge. |
| ☐ | The EEOC will continue to process this charge. |

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

| ☒ | The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost. |
|---|---|
| ☐ | The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time. |

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Dana R Hutter*

**Dana R. Hutter,** <br> **Deputy Director**

May 3, 2021 <br> *(Date Issued)*

Enclosures(s)

cc:

| **For Respondent:** <br> **Geralyn Brown** <br> **Chief Operating Officer** <br> **WEBER GALLAGHER** <br> **2000 Market Street, Suite 1300** <br> **Philadelphia, PA 19103** | **For Charging Party:** <br> **Caren Gurmankin** <br> **CONSOLE MATTIACI LAW** <br> **Via email only: gurmankin@consolelaw.com** |
|---|---|